IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| JENNIE NICASSIO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | |
| ) | |
| v. ) | **COMPLAINT FOR COPYRIGHT** |
| ) | **INFRINGEMENT AND UNFAIR** |
| VIACOM INTERNATIONAL, INC., and ) | **COMPETITION** |
| PENGUIN RANDOM HOUSE LLC, ) | |
| ) | |
| Defendants. ) | **DEMAND FOR JURY TRIAL** |

Plaintiff, Jennie Nicassio, by and through her undersigned attorneys, alleges as

her Complaint:

## THE PARTIES

1.      Plaintiff, Jennie Nicassio (hereinafter "Nicassio") is a resident of Harrison

City and a citizen of the Commonwealth of Pennsylvania.

2.      Plaintiff Nicassio is an author of children's books, which she creates by

conceiving the plots of such works, and by authoring the text and working with authors

to create the illustrations for such works.

3.      Upon information and belief, Defendant Viacom International, Inc. is a

corporation of the Commonwealth of Delaware having offices at 1515 Broadway, New

York, New York 10036 (hereinafter "Viacom") and does business within this District and

has committed acts of infringement, as more fully appears below, within New York and

throughout the United States and the World. Viacom has published an animated movie which is copied from and infringes upon the rights of the Plaintiff (hereafter the "Infringing Movie").

4.      Upon information and belief, Defendant Penguin Random House LLC is a corporation of the Commonwealth of Delaware having offices at 1745 Broadway, New York, New York 10019 (hereinafter "Penguin") and does business within this District and has committed acts of infringement, as more fully appears below, within New York and throughout the United States and the World. Penguin has published a book entitled *Albert* which is copied from and constitutes an infringement upon the rights of Nicassio (hereafter the "Infringing Book"). The Infringing Book and the Infringing Movie are hereinafter jointly referred to as the "Infringing Works."

## JURISDICTION

5.      This cause of action for copyright infringement arises under the copyright laws of the United States, Title 17 of the United States Code and under the Lanham Act.

6.      Jurisdiction is based on 28 U.S.C. §1338(a) insofar as the claims in the present action arise under an Act of Congress relating to copyrights and under the Lanham Act.

7.      Venue is based on 28 U.S.C. §1400(a).

8.      (a) Jurisdiction is also based on 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1332(c)(1)  because Plaintiff Nicassio is a citizen of the Commonwealth of Pennsylvania and Defendants Viacom and Penguin are incorporated in the State of Delaware and have a principal place of business in the State of New York.

(b) The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## FACTS COMMON TO ALL COUNTS

9.      As a cause of action and ground for relief, Plaintiff Nicassio alleges and incorporates by reference paragraphs 1 through 8 of this Complaint as a part of this count.

10.      Plaintiff Nicassio is an author of illustrated children's books. Among her publications are original works that tell the story of a young Christmas tree named Rocky that dreamed of becoming the Rockefeller Center Christmas tree in New York City.The first of these books is titled *Rocky: The Rockefeller Christmas Tree* (hereinafter "*Rocky*").

11.      Nicassio's *Rocky* publication consists of material which originated with Plaintiff Nicassio and is copyrightable subject matter under 17 U.S.C. § 101 *et seq.* of the Copyright Act.

12.      Nicassio is the owner of the exclusive rights of the aforementioned copyrightable material and the merchandising, trademark and other rights associated with its principal character *Rocky*.

13.      In 2007, Nicassio obtained a United States copyright registration on her then unpublished book *Rocky, the Rockefeller Christmas Tree*.  The registration number associated with *Rocky* is TXu001371329.

14.    Nicassio published her book *Rocky* on November 7, 2009, with On-Demand Publishing LLC, d.b.a. CreateSpace Independent Publishing Platform. *Rocky* was first available for purchase on Amazon.com in or about July 2009.

15.    Nicassio subsequently left On-Demand Publishing LLC, d.b.a. CreateSpace Independent Publishing Platform in 2015 to utilize Indigo Sea Press.

16.    Nicassio has released three editions of the *Rocky* publication with the editions being available for purchase on July 18, 2011, December 10, 2015 and the current edition available on Amazon.com since May 29, 2016.

17.    Following its initial release in 2009, *Rocky* was the highest selling children's book on Amazon.com in the holiday category.

18.    Between 2011 and 2016, Nicassio submitted copies of *Rocky* to Lisa Royce Agency LLC, Frederator Networks, Inc., David Higham Associates, Defendant Viacom, and others seeking evaluation for potential television, internet, film or show adaptations of *Rocky*.

19.    Upon information and belief, Frederator Networks, Inc. produces or has produced animated television programs for Defendant Viacom.

20.    Upon information and belief, David Higham Associates has made animated adaptations for Defendant Viacom in the past with titles such as *How To Train Your Dragon*.

21.    Upon information and belief, the communications and publications listed above, and/or other communications, resulted in Defendant Viacom gaining access to and knowledge of Plaintiff Nacassio's copyrighted material and the content thereof.

22.     On August 4, 2016, Plaintiff Nicassio submitted her publication to Top of The Rock gift store to be approved and stocked.

23.     On August 23, 2016, Nicassio entered into an agreement with Lightning Source, Inc., a print on demand company, for the manufacture and distribution of paper copies of her book *Rocky*.

24.     On or about September 15, 2016, Defendant Penguin published an illustrated children's book by authors Will Eisenberg and Aaron Eisenberg titled *Albert: The Little Tree With Big Dreams* (hereinafter "*Albert*").

25.     In violation of Plaintiff Nicassio's rights under 17 U.S.C. § 101 *et seq.*, *Albert* mirrors the story  in Nicassio's book *Rocky*, which tells the tale of a young Christmas tree that wishes to one day stand in a big city.

26.     Defendant Penguin has infringed Nicassio's Copyright in her book *Rocky* by manufacturing, causing to be manufactured, importing, distributing, displaying, vending, selling, and/or promoting and/or by causing and/or participating in the manufacture, importing, distributing, displaying, vending, selling, and/or promoting of *Albert* which has content which is substantially similar to and/or strikingly similar to Plaintiff's *Rocky* and which contains substantial material copied from the copyrighted work.

27.     Defendant Penguin's *Albert* publication contains substantial similarities to *Rocky* and are probative of Defendant's copying of Plaintiff's *Rocky*. *Albert* copies features of its cover from both the 2015 version of *Rocky* (left) and the 2016 version of

5

*Rocky* (middle), which features on their covers an illustrated Christmas tree in a red base dressed with a star, set in a big city environment.





**Albert** and his plant friends assemble in a nursery to discuss his dreams of becoming the famous Empire City, New York Christmas tree. **Rocky** and his animal friends assemble in a forest to discuss his dreams of becoming the famous New York City Christmas tree. Both stories feature a young imperfect Christmas tree that strives to be on display in New York.  The tree characters, Rocky in *Rocky* and Albert in *Albert,* are bullied for being imperfect and are comforted by a character with strikingly similar names: Mary Louise in Rocky, and Maisey in *Albert*. Both stories feature a plant antagonist: Bruce Spruce in *Rocky* and Cactus Pete in *Albert*.  Bruce bullies Rocky with the help of his animal friends, and Cactus Pete bullies Albert with the help of his plant friends.  In both stories[1], a "special" tree is chosen to be displayed in New York. Both Rocky and Albert are put on display in New York and a star is placed on their heads in celebration as a large crowd watches, Rocky as a grown up tree and Albert as the top

---

[1] Rocky, 2011 version.

6

portion of another "decapitated" tree. Both involve interactions with people in the forest:

 

28.     Defendant Penguin's *Albert* publication uses language strikingly similar and substantially similar to the language which is used in plaintiff Nicassio's book, *Rocky*.

29.     The 2011 back cover of *Rocky*, Exhibit C, reads "[a]n unlikely evergreen dreams of becoming the famous Rockefeller Christmas Tree in New York City! Come along with Rocky, Mary Louise, AJ, Mrs. Pickles, and Bruce Spruce to the magical city!" The back cover of *Albert*, Exhibit D, reads "Albert is a little tree with giant Christmas dreams. Follow him and his friends on a holiday adventure to the big city!

30.     Additional borrowed language is found within the books, in analogs between the plants and animals of the two books.  Page seven of the 2011 version of *Rocky* reads "[a]ll the animals in the forest loved December," while page two of *Albert* states "no one loved Christmastime more than the plants…"

31.     Further borrowed language is found within the books.  Upon choosing the winning tree in the 2016 version of *Rocky*, a judge exclaims "we found the perfect tree!" Upon choosing the winning tree in *Albert*, a newscaster exclaims "we've found our tree!" Additionally, *Albert* reads "he had become the most famous Christmas tree in the world!" While *Rocky* reads "now Rocky was going to be the most famous Christmas tree in the world…"

32.     Defendant Penguin did not obtain the permission, license or consent of Plaintiff Nicassio to manufacture, cause to be manufactured, import, distribute, display, vend, sell, and/or promote the Infringing Works.

33.     In or about September 2016, sales of *Rocky* began to decline. *Rocky* subsequently fell from the number one selling holiday children's book on Amazon.com to number ten by the end of the year.

34.     In or about October 2016, Nicassio had received interest in her publication from an acquirer from Hallmark. Nicassio hoped to negotiate the sale of the exclusive rights to *Rocky* to Hallmark for the 2017 holiday season.

35.     In or about November 2016, Defendant Viacom began advertising for an animated *Albert* children's television adaptation based on Penguin's children's book.

36.     Defendant Viacom's animated film (the "Animation") contains substantial material probative of copying of *Rocky*. For example, a frame from the animation shows the Christmas tree character (left) based upon and copied from the 2016 work of Plaintiff (right):

 

As reported in IMDb "*Albert* is the story of a tiny Douglas fir tree named Albert who has big dreams of becoming Empire City's most famous Christmas tree. When the search for this year's tree is announced, Albert believes he has found his calling and hits the road with his two best friends, Maisie the persistently positive palm tree, and Gene the abrasive and blisteringly honest weed, to fulfill his destiny. With a few prickly situations along the way, and Cactus Pete out to stop him, Albert learns the true meaning of Christmas." The "*Albert*" animation is merchandised by defendant Viacom as a storybook adaptation. The film features the copied red helicopter:



, as does the 2016 version of Nicassio's original book:



, the counterfeit Rocky character, Albert, in his copied red base:

 ,

as well as a storyline and details copied from Plaintiff's work. Moreover, a search on

Google directed toward *Rocky*, Exhibit A, results in the presentation of information

relating to defendant Viacom's animation, Exhibit B.

   37.   Defendant Viacom's *Albert* film retold the story of the publication in

further violation of Plaintiff Nicassio's rights under 17 U.S.C. § 101 *et seq.* Defendant

Viacom's *Albert* animated children's television adaptation debuted on Nickelodeon on

December 9, 2016. Upon information and belief, Defendant Viacom aired the *Albert* animated children's television adaptation every day from December 9, 2016, through January 2, 2017.

38.     Nicassio discovered the existence of Defendant Viacom's film on December 5, 2016, through a television advertisement. Nicassio subsequently discovered the existence of Defendant Penguin's children's book on December 9, 2016.

39.     Upon information and belief, Defendant Viacom obtained significant advertisement revenue from on-air sponsorships during each airing of the *Albert* animated children's television adaptation.

40.     By the end of 2016, *Albert* was one of the highest selling holiday children's books.

41.     After the airing of the *Albert* animated children's television adaptation by Defendant Viacom, sales of *Rocky* drastically decreased, failing to meet projections for such sales. Despite Nicassio securing advertising for *Rocky* as Amazon's Book of The Day, sales of *Albert* on Amazon.com exceeded that of *Rocky*.

42.     Beginning in early 2017, Defendant Viacom began to expand the availability of the *Albert* animated children's television adaptation, which is now available on Amazon.com, Nick.com, the Nick App, iTunes.com, Microsoft.com, Google Play, the Playstation store, Nick on Demand, and Vudu.com. Upon information and belief, Defendant Viacom plans to produce three additional *Albert* holiday film specials.

43.     Upon information and belief, Defendant Viacom has made sales on each of the platforms listed in paragraph 29.

44.     As a direct and proximate result of these acts of copyright infringement by Defendants Viacom and Penguin, Plaintiff Nicassio has sustained and will continue to sustain irreparable damage and injury to her business, goodwill, reputation and profits, in an amount not presently known.

45.     Upon information and belief, prior to their publication of the Infringing Works, Defendants Viacom and Penguin had knowledge of Nicassio's contractual relationships with the above parties pursuant by which she effected electronic publication of her book *Rocky*. Upon information and belief, Defendants Viacom and Penguin had actual and/or constructive knowledge of Nicassio's contract with Lightning Source pursuant to which Nicassio effected sale and distribution of her book *Rocky* on paper.

46.     Consumer reviews from Amazon.com, (Exhibits E-F), show consumer knowledge of the original and copied works, demonstrating a shared channel of commerce and likelihood of confusion. In both exhibits, the rightmost review column evidences consumer familiarity with the original. Actual confusion as to the source of the infringing *Albert* products has occurred. More particularly, on November 19 and November 26 of 2016 as well as December 3 and December 17 of 2016, at various book signings for *Rocky*, witnessed instances of confusion where Defendant Viacom's *Albert* animated children's television adaptation had been mistaken for Nicassio's product.

<u>**COUNT ONE**</u>

<u>**COPYRIGHT INFRINGEMENT-BOOK PUBLICATIONS**</u>

47.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 46 of this Complaint as a part of this Count.

48.     Defendant Penguin has infringed the Copyrights by copying and publishing *Rocky* and manufacturing, causing to be published, sold electronically, manufactured, importing, distributing, displaying, vending, selling, and/or promoting and/or by causing and/or participating in the manufacture, importing, distributing, displaying, vending, selling, and/or promoting of the *Albert* publication which is copied from, strikingly similar to and substantially similar to Plaintiff's *Rocky* publication and which contains substantial material copied from the copyrighted works.

49.     Defendant Penguin did not obtain the permission, license or consent of Plaintiff to manufacture, causing to be manufactured, import, distribute, display, vend, sell, and/or promote said infringing publication.

50.     The aforementioned activities of Defendant Penguin violate the rights of Plaintiff Nicassio under 17 U.S.C. 101 et seq.

51.     As a direct and proximate result of these acts of copyright infringement by Defendant Penguin, Plaintiff has sustained and will continue to sustain irreparable damage and injury to her business.

52.     By reason of the acts of Defendant Penguin throughout the World herein alleged, Plaintiff has been damaged in an amount believed to be in excess of $3 million, and, unless Defendant Penguin is restrained and enjoined preliminarily and permanently, Defendant Penguin has and will continue to deceive the public, and otherwise will cause Plaintiff immediate and irreparable harm.

**COUNT TWO**

**COPYRIGHT INFRINGEMENT-FILM PRODUCTION**

53.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 52 of this Complaint as a part of this Count.

54.     Defendant Viacom has infringed the Copyrights by copying *Rocky* and manufacturing, causing to be manufactured, importing, distributing, publishing, displaying, vending, selling, and/or promoting and/or by causing and/or participating in the manufacture, importing, distributing, displaying, vending, selling, and/or promoting of the *Albert* animated children's television adaptation which is substantially similar to Plaintiff's *Rocky* publication and which contains substantial material copied from the copyrighted works.

55.     Defendant Viacom did not obtain the permission, license or consent of Plaintiff Nicassio to manufacture, causing to be manufactured, import, distribute, display, vend, sell, and/or promote said infringing animated children's television adaptation.

56.     The aforementioned activities of Defendant Viacom violate the rights of Plaintiff Nicassio under 17 U.S.C. 101 et seq.

57.     As a direct and proximate result of these acts of copyright infringement by Defendant Viacom, Plaintiff Nicassio has sustained and will continue to sustain irreparable damage and injury to her business, goodwill, reputation and profits, in an amount not presently known.

58.     By reason of the acts of Defendant Viacom throughout the World herein alleged, Plaintiff Nicassio has been damaged in an amount believed to be in excess of $3 million, and, unless restrained and enjoined preliminarily and permanently, Defendant Viacom has and will continue to deceive the public, and otherwise will cause Plaintiff Nicassio immediate and irreparable harm.

<u>**COUNT THREE**</u>

<u>**UNFAIR COMPETITION**</u>

59.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 58 of this Complaint as a part of this Count.

60.     At all times relevant to this claim of unfair competition, Defendants' electronic and paper publications, and publication and distribution of the animated film *Albert* was in direct competition with Plaintiff's *Rocky* publication. Defendants' have used and continue to use their infringing publications in connection with sales, offering for sale or distribution, advertising and promotion of goods that is likely to cause confusion or mistake or to decieve purchasers as to the source of orgin of such goods,

and/or as intentionally have acted to deceive, and have deceived consumers in making infringing sales of their *Albert* products.

61.     Defendants have intentionally and willfully infringed Nicassio's rights in the *Rocky* Copyright and have unfairly competed with Nicassio.

62.     The acts enumerated above constitute unfair competition under New York law and under the Lanham Trademark Act.

63.     Defendants' conduct has harmed and continues to harm Nicassio.

64.     Defendants' publication, sale, and distribution of *Albert* is likely to cause substantial public confusion based on the similarities alleged above and the direct evidence of consumer confusion as detailed above.

65.     As a direct and proximate result of these acts of unfair competition by Defendants, Plaintiff has sustained and will continue to sustain irreparable damage and injury to her business, goodwill, reputation and profits, in an amount not presently known, but believed to be in excess of $1 million.

66.     By reason of the acts of Defendants herein alleged, Plaintiff has been damaged, and, unless restrained and enjoined preliminarily and permanently, Defendants have deceived and will continue to deceive the public, and otherwise will cause Plaintiff immediate and irreparable harm.

## COUNT FOUR

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE

67.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 66 of this Complaint as a part of this Count.

68.     At all times relevant to this claim of tortious interference with prospective advantage Nicassio held a valid contractual agreement with Lightning Source, Inc. and On-Demand Publishing LLC, d.b.a. CreateSpace Independent Publishing Platform for the manufacture, distribution, and publication of physical copies of the *Rocky* publication.

69.     Upon information and belief, Defendants had actual or constructive knowledge of Plaintiff's contractual agreement and other potential and realized business agreements and willfully interefed with such agreements causing direct and immediate harm to Plaintff.

## COUNT FIVE

## TORTIOUS DESTRUCTION OF INTELLECTUAL PROPERTY

70.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 69 of this Complaint as a part of this Count.

71.     The actions of the Defendants detailed above, including, without limitation, acts of infringement perpetrated throughout the World, have impaired and reduced the value of Plaintiff's work *Rocky*, insofar as the wide dissemination of the

Infringing Works has made the original work *Rocky* appear to be a plagiarized work, thus impairing the market for sales of printed, electronic, and film publications, as well as impairing the value of merchandising rights associated with *Rocky*. Such actions of Defendants have damaged Plaintiff in an amount believed to be in excess of $10 million.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.      For a preliminary and permanent injunction restraining Defendants, their agents, servants, employees, successors, assigns and those in privity and/or concert with it from infringing Plaintiff's Copyrights in its *Rocky* publication, in any manner including but not limited to importing, printing, reprinting, publishing, vending, distributing, selling, displaying, promoting or advertising any copies of the *Albert* publication and animated children's television adaptation, or by causing and/or participating in the aforementioned activities.

2.      For an order requiring Defendants to recall from its distributors, wholesalers, retailers and customers any and all infringing copies of Plaintiff's Copyrights.

3.      For an order requiring Defendants to deliver up to be impounded during the pendency of this action all infringing copies of Plaintiff's Copyrights in the possession or under the control of Defendants.

4.      That Defendants pay to Plaintiff such damages, believed to be in excess of $16 million, sustained by Plaintiff as a result of Defendants' infringement of Plaintiff's Copyrights.

5.      For a judgment according to the circumstances of the case, for such sum above the amount found in actual damages, but not to exceed three times such amount as the Court may deem just.

6.      That this Court grant and enter a judgment that the above referenced copyright registrations owned by Plaintiff are valid at law and infringed by Defendants and that Defendants and all persons acting in concert with them be enjoined from making and selling and otherwise infringing upon the Copyrights of Plaintiff.

7.      That Defendants pay to Plaintiff its reasonable attorneys' fees and the costs of this action.

By: ___/Gwen R. Acker Wood/_____
        Gwen R. Acker Wood, Esq. (PA. State Bar No. 89081)
        Acker Wood Intellectual Property Law, LLC
        436 Seventh Avenue, 9th Floor
        Pittsburgh, PA 15219
        Telephone: (412) 486-1038
        Facsimile:  (412) 487-2837
        Email:  grwood@ackerwoodiplaw.com

        Dated:_____June 17, 2017_____


By: ___/Anthony H. Handal/_____
        Anthony H. Handal, Esq. (CT. State Bar No. 306303)
        Handal & Morofsky, LLC
        80 Washington Street
        Norwalk, CT  06854
        Telephone: (203) 838-8589
        Email: handal@handalglobal.com

        Dated:_____June 17, 2017_____

        ATTORNEYS FOR PLAINTIFF JENNIE NICASSIO

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Nicassio hereby demands a trial by jury as to all claims in this litigation.


By:   /Gwen R. Acker Wood/

      Gwen R. Acker Wood, Esq. (PA. State Bar No. 89081)
      Acker Wood Intellectual Property Law, LLC
      436 Seventh Avenue, 9th Floor
      Pittsburgh, PA 15219
      Telephone: (412) 486-1038
      Facsimile:  (412) 487-2837
      Email:  grwood@ackerwoodiplaw.com


      Dated:_____June 17, 2017_____



By:   /Anthony H. Handal/

      Anthony H. Handal, Esq. (CT. State Bar No. 306303)
      Handal & Morofsky, LLC
      80 Washington Street
      Norwalk, CT  06854
      Telephone: (203) 838-8589
      Email: handal@handalglobal.com


      Dated:_____June 17, 2017_____

      ATTORNEYS FOR PLAINTIFF JENNIE NICASSIO